In re Lisa Ann **RODRIGUEZ**, Debtor.

Lisa Ann **RODRIGUEZ**, Objector,

v.

**MADERA COUNTY FEDERAL CREDIT UNION, Claimant.**

Bankruptcy No. 92–16575B–13F.

United States Bankruptcy Court, E.D. California, Fresno Division.

Aug. 4, 1993.

Peter B. Bunting, Fresno, CA, for debtor.

Keith W. Lusk, Lusk Law Office, Fresno, CA, for claimant.

M. Nelson Enmark, Fresno, CA, Chapter 13 Trustee.

### MEMORANDUM DECISION ON OBJECTION TO CLAIM OF MADERA COUNTY FEDERAL CREDIT UNION

BRETT J. DORIAN, Bankruptcy Judge.

Debtor has objected to the claim of Madera County Federal Credit Union ("claimant") which was filed as a secured claim for $15,000.00 and an unsecured claim for $6,496.00. Debtor's objection asserts that the secured portion of the claim should be $7,600.00, on the ground that such amount represents the value of the claimant's collateral, a 1991 Honda automobile. The claim indicates, and debtor has not denied, that there was at the commencement of this case, and is now, a third party co-owner/co-obligor.

At the hearing where the Chapter 13 plan, which proposed valuation of the automobile, was confirmed, the court was not informed that there was a third party co-owner/co-obligor. Debtor has not submitted, nor has the court discovered, any authority which allows a debtor who is not the sole owner of the property to be valued to extinguish all of a secured creditor's rights in its collateral through the use of 11 U.S.C. § 506. Accordingly, the objection to the claim must be overruled and the claim allowed as filed.[1]

The result of the court's ruling in this matter may appear at odds with the frequently applied bankruptcy principle that a debtor is permitted to acquire clear title to property when the debtor has paid to creditors (according to applicable priorities, if any) the value of the property.

But section 506 permits valuation only of the estate's interest in the property. If the debtor, as appears is the case here, has a 50% interest in the property, then the secured creditor has a secured claim as to the value of that 50% only—insofar as the debtor's interest is concerned—and an unsecured claim for the entire balance of the obligation.

This results in the creditor still having a secured claim in the full amount of the obligation as to the 50% of the property not belonging to the estate, but belonging to the co-owner/co-obligor. Where does such a confusion of rights and interests leave the parties involved? Pending a more insightful analysis not presently available to the court, the only logical result is to rule that a debtor holding only a fractional interest in property cannot utilize section 506 to value a secured claim.

A separate order overruling the objection and allowing the claim as filed will issue.

---

1. The court's concern over this issue has arisen initially in the context of Chapter 12 cases where debtors sharing ownership of property with non-debtors (usually other family members) are seeking to restructure debt secured by the farmland. Thus far no Chapter 12 debtor has offered a convincing argument or persuasive authority which would allow use of section 506.