**In re Lillian B. MAYNARD, Debtor.**

**Highland Federal Bank, Appellant,**

**v.**

**Lillian B. Maynard, Appellee.**

**BAP No. CC–00–1721–PMoB.**
**Bankruptcy No. LA 00–16811–ER.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 23, 2001.

Decided June 6, 2001.

Samy S. Henein, Suppa, Trucchi & Lee, San Diego, CA, for Highland Federal Bank.

Marc A. Lieberman, Law Office of Marc A. Lieberman, Los Angeles, CA, for Lillian B. Maynard.

Before: PERRIS, MONTALI and BROWN,[1] Bankruptcy Judges.

1. Hon. Trish M. Brown, Bankruptcy Judge for the District of Oregon, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

## OPINION

PERRIS, Bankruptcy Judge.

Debtor Lillian B. Maynard ("Debtor") filed a motion to value the real property securing a claim held by Appellant Highland Federal Bank ("Highland") at $180,000. The motion sought avoidance of Highland's lien under § 506(d)[2] to the extent the lien exceeded the value of the property. Shortly before the hearing on the motion, Debtor amended her motion to reduce the requested valuation to $120,800. The bankruptcy court granted Debtor's amended motion without allowing Highland to submit evidence in response. We REVERSE and REMAND.

## FACTS

Debtor filed a chapter 13 petition. One of her assets is a piece of real property located at 125 N. Prairie Avenue in Inglewood, California ("the Property"). The Property is owned as community property by Debtor and her husband Walter. Highland is the beneficiary of a trust deed against the Property. The trust deed secures a debt owed to Highland by Debtor and her husband which totaled approximately $218,000 as of the date Debtor filed her petition.

Debtor filed a motion captioned Motion for (1) Valuation of Security; (2) Determination of Secured Status; and (3) Avoidance of Liens and Modification of Rights of Lienholders ("the original motion") against Highland.[3] The memorandum accompany-

3. Debtor filed the original motion against Highland and another entity holding a secured claim against a separate piece of real property. This appeal only concerns Highland.

ing the original motion stated, in part, as follows:

> Highland's claim is undersecured to the extent it exceeds $180,000.
>
> . . . .
>
> Pursuant to Rule 3012 . . . "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."
>
> Debtor requests that this Court determine the value of . . . [the Property] to be $180,000.
>
> . . . .
>
> Debtor seeks to avoid Highland's lien . . . to the extent permitted under [sections 506(a), 1322(b)(2) and 1325] by so providing in his [sic] plan.
>
> . . . .
>
> In this case, the collateral securing Highland's claim . . . is worth $180,000. Therefore, Highland's secured claim should be determined to be $180,000 and the balance deemed unsecured.

Debtor supported the original motion with an appraisal dated December 9, 1999 ("the 1999 appraisal"), which valued the Property at $180,000.

Highland filed an opposition to the original motion, asserting that there was insufficient evidence to support the proposed valuation because the 1999 appraisal was outdated. Highland also objected on the basis that its security interest could not be avoided to the extent of Walter's interest in the Property.

The court held the initial hearing on the original motion on August 28, 2000. Debtor and Highland appeared before the bankruptcy court through their respective counsel. The parties agreed to continue the hearing so that both sides could obtain appraisals. The bankruptcy court entered an order stating in part as follows:

> [T]he hearing on the Motion is continued to October 16, 2000 at 1:30 p.m. to allow both Debtor and Highland to submit additional appraisals with respect to [the Property]. Debtor and Highland shall exchange appraisals by September 25, 2000. The parties may, but shall not [sic] required to, file and serve comments on each other's appraisals by October 11, 2000.

On September 25, Debtor served Highland with her appraisal, which valued the Property at $120,800. Highland did not submit an appraisal by the September 25 deadline. On October 2, Debtor served Highland by mail with a document styled as an amendment to the prayer of the original motion ("the amended motion"). In the amended motion, Debtor requested that the Property be valued at $120,800 and that Highland's lien be modified accordingly. On October 13, Highland filed an appraisal performed by Perry Dean Balkey ("the Balkey appraisal") estimating the market value of the Property at $180,000, less an estimated $10,000 in deferred maintenance costs.

At the October 16 hearing, the court observed that Highland filed its appraisal after the September 25 deadline. Highland's attorney stated that he did not timely file an appraisal because Highland had decided not to contest the $180,000 valuation proposed in the original motion after having the property re-appraised. He stated that it was only after Debtor filed the amended motion that Highland determined it would be necessary to file its own appraisal in response.

Debtor's counsel requested that the Balkey appraisal be stricken because it was not timely filed. The bankruptcy court granted the request and stated that it

would value the property and Highland's secured claim at $120,800 based on Debtor's appraisal, the only evidence of value before the court.

On November 6, 2000, the court entered an order stating as follows:

1. The Declaration of Highland's Appraiser is stricken for having been filed 18 days after the deadline set by this Court and one Court day prior to the hearing on the Motion;

2. The fair market value of [the Property] is $120,800 as of August 28, 2000 (the "Confirmation Date") and October 16, 2000 (the "Hearing Date").

3. Highland's lien against the Property ... is hereby modified to reflect a secured obligation of $120,800....

4. To the extent that Highland's claim ... exceeds $120,800 ..., such claim is stripped as an encumbrance against the Property and shall hereinafter be treated as a general unsecured claim pursuant to Debtor's Chapter 13 Plan.

Highland timely appeals from this order.[4]

### ISSUES [5]

■■■ 1. Whether Walter's community property interest in the Property prevented the bankruptcy court from avoiding Highland's entire lien to the extent it exceeded the value of the Property.

■ 2. Whether Highland was given adequate opportunity to respond to the amended motion.[6]

3. Whether the bankruptcy court erred in denying Highland's request for a continuance to allow cross examination of Debtor's appraiser.

### STANDARD OF REVIEW

■■■ Highland's argument that Walter's interest in the Property prevented the bankruptcy court from avoiding its lien presents a question of law which we review de novo. *In re P.R.T.C., Inc.,* 177 F.3d 774, 780 (9th Cir.1999) (conclusions of law are reviewed de novo). A trial court's decision regarding management of litigation is reviewed for an abuse of discretion. *Gilbrook v. City of Westminster,* 177 F.3d 839, 864 (9th Cir.1999), *cert. denied,* 528 U.S. 1061 (1999). Trial courts have inherent power to control their dockets as long as exercise of that discretion does not nullify the procedural choices reserved to parties under the applicable rules of procedure. *See Atchison, Topeka and Santa Fe Ry. Co. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998). A bankruptcy court necessarily abuses its discretion if it bases its decision on clearly erroneous factual findings or on an incorrect legal standard. *In re Hammer,* 112 B.R. 341, 345 (9th Cir.

---

4. Highland also timely appealed from the order denying its motion for reconsideration. Because we conclude that the bankruptcy court erred in refusing to consider the Balkey appraisal as a response to the amended motion, it is not necessary for us to address this issue.

5. In her brief, Debtor requests sanctions against Highland for the prosecution of a frivolous appeal. Given the outcome of this appeal, this is not a frivolous appeal. Further, a request for sanctions must be made in a separately filed motion. Rule 8020. A request for sanctions in a party's appellate brief is not sufficient. *In re Del Mission Ltd.,* 98 F.3d 1147, 1154 (9th Cir.1996); *Gabor v. Frazer,* 78 F.3d 459, 459 (9th Cir.1996). We therefore deny Debtor's request for sanctions.

6. Highland's counsel stated at oral argument that Highland did not challenge the propriety of allowing the motion to be amended. Thus we treat Highland's suggestion in its brief that it did not receive adequate notice of the amendment as an argument that has been waived.

BAP 1990), *aff'd*, 940 F.2d 524 (9th Cir. 1991).

## DISCUSSION

1. *Walter's interest in the Property did not prevent the bankruptcy court from avoiding Highland's entire lien to the extent it exceeded the value of the Property.*

■ Highland argues that the bankruptcy court erred in stripping its lien as to Walter's interest in the Property because Walter, a non-debtor, holds an interest in the Property. We reject Highland's argument.

Section 506(a) provides, in relevant part, as follows:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

With certain exceptions not implicated here, a lien is void to the extent it secures a claim that is not an allowed secured claim under § 506(a). § 506(d).

■ "That value which the court is charged with determining under section 506 ... is the value of the creditor's secured claim against property of the estate." 9 Lawrence P. King, COLLIER ON BANKRUPTCY ¶ 3012.01 (15th ed. Rev.1997). Section 541(a) provides that property of the estate includes:

(2) All interests of the debtor *and* the debtor's spouse in community property

as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(Emphasis supplied.) To the extent that the provisions of § 541(a)(2)(A) or (B) are met, the community property of both spouses becomes property of the estate when one spouse files a bankruptcy petition. *In re Miller*, 167 B.R. 202, 205 (Bankr.C.D.Cal.1994).

■ The Property is owned by Debtor and Walter as community property and Highland does not contend otherwise.[7] Highland also does not contest that the requirements of § 541(a)(2) are met in this case. With very limited exceptions not applicable here, California law provides that each spouse has an equal right to manage community property. Lawrence P. King et al., COLLIER FAMILY LAW ¶ 4.03[3][c] (Rev.2000). As a result, the Property is included in Debtor's estate and Highland's entire lien was subject to valuation and avoidance under § 506.

. The only authority cited by Highland in support of its position is *In re Rodriguez*, 156 B.R. 659 (Bankr.E.D.Cal.1993). In *Rodriguez*, the debtor owned a 50% interest in an automobile. The other 50% was owned by a "third party co-owner/co-obligor." 156 B.R. at 660. The bankruptcy court stated that "section 506 permits valuation only of the estate's interest in the property[,]" and concluded that "a debtor

---

7. The Deed of Trust indicates that the Property is owned by Debtor and Walter as commu-

nity property.

holding only a fractional interest in property cannot utilize section 506 to value a secured claim." *Id.*

The facts of *Rodriguez* are clearly distinguishable from those of this case. In *Rodriguez*, only the debtor's fractional interest became property of the estate. Here, the entire Property, not just Debtor's interest, is included in the bankruptcy estate.

2. *Highland was not given an adequate opportunity to respond to the amended motion.*

 The procedural framework for valuing collateral pursuant to § 506(a) is set forth in Rule 3012, which states as follows:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

Section 102(1)(A) defines "after notice and a hearing" and similar phrases to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances[.]" Similarly, due process requires that deprivation of property be preceded by notice and opportunity for hearing "appropriate to the nature of the case." *In re Yochum*, 89 F.3d 661, 672 (9th Cir.1996) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). [N]otice is to be taken particularly seriously when liens are being affected in bankruptcy. Holders of liens that may

be adversely affected are entitled to unambiguous notice and an adequate opportunity to reflect and to respond.

*In re Loloee*, 241 B.R. 655, 662 (9th Cir. BAP 1999). The problem in this case is that the bankruptcy court's decision to grant the relief requested in the amended motion while enforcing the schedule for submission of evidence established in connection with the original motion denied Highland an adequate opportunity to respond to the amended motion.

 The situation presented here is analogous to an amendment to conform pleadings to evidence under Fed.R.Civ.P. 15(b). Under that rule, a court may allow the amendment of a pleading to conform to evidence presented at trial "only if the parties have received actual notice … and have been given an adequate opportunity to cure any surprise that might result from the change in the pleadings." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1491 (2d ed.1990). In this case, the bankruptcy court denied Highland the opportunity to cure the surprise resulting from Debtor's amendment of her motion when it refused to accept the Balkey appraisal as a response to the amended motion.

3. *The bankruptcy court did not err in denying Highland's request for a continuance to allow cross examination of Debtor's appraiser.*[8]

 At the October 16 hearing, Highland requested a continuance so that an evidentiary hearing could be held. Highland states in its brief that disputed questions of material fact necessitated and enti-

---

8. Highland argues that the bankruptcy court abused its discretion when it denied the requested continuance. Although the outcome of this appeal may make moot resolution of this issue, we address the issue so that it will

not remain unresolved in the event that the bankruptcy court decides the matter following remand without evidentiary submissions other than the two appraisals.

tled it to an evidentiary hearing to allow it to cross examine Debtor's appraiser.

We need not reach the question of whether Highland was entitled to cross examine Debtor's expert appraiser because its request for a continuance at the October 16 hearing was procedurally deficient. Local Rule 9013–1(6)(a) of the United States Bankruptcy Court for the Central District of California provided that, unless the court orders otherwise, "any motion for the continuance of any hearing shall be filed with the Court and personally served upon all previously noticed parties at least two (2) Court Days before the day set for the hearing." [9] The motion must set forth in detail the reasons in support of the requested continuance. *Id.* Highland filed no such motion in this case.

## CONCLUSION

Highland was not afforded an opportunity to respond to Debtor's amended motion. We REVERSE and REMAND. The bankruptcy court is instructed to admit the Balkey appraisal into evidence and consider that evidence in valuing the Property under § 506.

---

9. Local Rule 9013–1(6)(a) was renumbered to 9013–1(f)(1) effective January 2001.