NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. SC-11-1000-KiMkH |
| | ) | |
| LOG & CONVENTIONAL HOMES, INC., | ) | Bk. No. 09-12365-JM |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT DOAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| LESLIE GLADSTONE, Chapter 7 Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on October 20, 2011
at San Diego, California

Filed - December 22, 2011

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable James W. Meyers, Bankruptcy Judge, Presiding

_____

Appearances:    Daniel Joseph Winfree, Esq. argued for appellant, Robert Doan; Christin Alene Batt, Esq. of the Financial Law Group argued for appellee, Leslie Gladstone, Chapter 7 Trustee.

_____

Before: KIRSCHER, MARKELL, and HOLLOWELL, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appellant, creditor Robert Doan ("Doan"), appeals a bankruptcy court order denying his motion to remove chapter 7 trustee, Leslie Gladstone ("Trustee"), from debtor's bankruptcy case.  We AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Prior to filing bankruptcy, debtor, Log & Conventional Homes, Inc. ("LCH"), had entered into a contract to build a log home for the Haddocks.  A dispute arose between the parties, and LCH sued the Haddocks in state court for breach of contract (the "State Court Action").  The Haddocks filed a counterclaim for approximately $226,000 in damages due to LCH's alleged failure to complete the home.

Doan is the sole shareholder of LCH.  LCH filed a voluntary chapter 7[2] petition on August 20, 2009.  Its assets consisted of a $43,000 bond securing a mechanic's lien, and a receivable of $67,100, which is the amount Haddocks allegedly owed LCH on the contract.  LCH has only two unsecured creditors: the Haddocks and Doan.[3]

Between September and November 2009, Trustee conducted four[4] § 341 creditor's meetings with LCH and Doan.  Notably, Trustee's primary topic of discussion at all four meetings was the

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] Three proofs of claim were filed in LCH's bankruptcy case: (1) a claim from Haddocks for $226,198; (2) a claim from Doan for $265,898; and (3) a claim filed by Doan on behalf of LCH for $110,006.

[4] Five meetings were held, but no testimony occurred at the third meeting on October 29, 2009.

potential preferences and fraudulent transfers made by LCH to Doan. Over the course of the four meetings, Trustee made only brief inquiries about the State Court Action. At the first meeting, Trustee asked about the status of the matter. Doan explained that LCH and Haddocks had been in litigation for two years, and that Haddocks's title insurance company had posted a bond insuring LCH's mechanic's lien, which was payable to LCH. Doan told Trustee that he would provide her with the necessary state court documents regarding perfection of LCH's mechanic's lien. As a result of the mechanic's lien and the receivable, Doan contended that the Haddocks owed LCH approximately $110,000.

During the third meeting, Doan admitted that he had gambled with some of the funds he received from LCH. Trustee posed several follow-up questions to Doan on that issue. The only other mention of the State Court Action was at the fourth meeting on November 19, 2009. Trustee noted that she had not yet been provided with the mechanic's lien documents, but stated that she had been "talking to the party about resolving [the State Court Action]." Trustee further expressed her intention to pursue a "slam-dunk preference [action]" against Doan to recover at least $81,000 for LCH's estate. At the end of the fourth meeting, the parties agreed to meet at Doan's counsel's office on December 4, 2009, to further discuss Trustee's preference action and the State Court Action.[5]

_____

[5] Trustee filed her Complaint for Avoidance and Recovery of Fraudulent Transfers and/or Insider Preferential Transfers against Doan on February 25, 2010. In her complaint, which is still pending, Trustee is seeking to recover approximately $210,000 from Doan in alleged fraudulent and/or preferential transfers under §§ 547 and 548.

- 3 -

**A.   The Settlement Motion.**

On April 7, 2010, Trustee filed a Notice of Intended Action to Approve Stipulation to Settle Claim, Release Mechanic's Lien, and Dismiss State Court Action (the "Settlement Motion"). According to the Settlement Motion, Haddocks were entitled to an allowed unsecured claim in the amount of $100,000, and Trustee agreed to release LCH's mechanic's lien. The parties further agreed to dismiss the State Court Action with prejudice.

In his opposition to the Settlement Motion, Doan questioned the objectivity and neutrality of the Trustee. Specifically, Doan contended that Trustee's motion failed to set forth any factual background about the mechanic's lien or LCH's claim against Haddocks and the Haddocks's counter-claim, or recite any of the factors set forth in A & C Properties.[6] In Doan's opinion, the settlement effectively purged LCH's estate of its only asset while receiving nothing in return. Attached to Doan's declaration was a letter that LCH's counsel in the State Court Action had sent to Trustee. In that letter, counsel stated that he "[could not] fathom how [Trustee] could possibly reach a conclusion that the Haddocks [were] entitled to any compensation from [LCH]. . . . The facts and evidence [were] strong and well supported that the Haddocks' claim was trumped up and was not supported by any factual or legal basis. The evidence was also

---

[6] The fair and equitable settlement standard under Rule 9019 requires consideration of: (1) probability of success in the litigation; (2) collectability; (3) complexity, expense, inconvenience, and delay attendant to continued litigation; and (4) the interests of creditors, which are said to be "paramount." Martin v. Kane (In re A & C Props.), 784 F.2d 1377, 1381 (9th Cir. 1986). These four factors are often referred to as the "A & C factors."

- 4 -

overwhelming that the Haddocks owed [LCH] at least $40,000.00 and possibly more."

Trustee asserted in her reply that in negotiating the settlement, she had "reviewed many documents regarding [the State Court Action] and interviewed the Debtor at length about [it]." In her investigation, Trustee had obtained a copy of an independent report prepared by Roel Consulting Services (the "Roel Report"), an expert retained by the insurance carrier for LCH's contractor's license bond. The Roel Report concluded that LCH had not completed the work on the Haddocks's home and was "'guilty of Willful Disregard of Accepted Trade Standards in the construction of the home for the claimant.'" The Roel Report also concluded that necessary repairs/reconstruction to complete the work for which LCH was obligated amounted to $115,000. Trustee further stated that LCH offered her no competing expert opinion to contradict the Roel Report's findings.

A hearing on the Settlement Motion was held on June 23, 2010. There, the parties were ordered to file additional briefing before a continued hearing on the matter on August 4, 2010. In short, Doan's supplemental declaration questioned the thoroughness of Trustee's investigation of the State Court Action and disputed the findings in the Roel Report. Doan noted that the mechanic's lien, with interest and court costs, was now worth $110,006.

In her supplemental declaration, Trustee stated that she had told Doan and his counsel that she welcomed any information regarding the State Court Action, but they never provided her with any. In addition to the Roel Report, Trustee now stated

that she also interviewed counsel for the Haddocks and reviewed many of the State Court Action documents.[7] Trustee also included a declaration from Mr. Haddock to counter Doan's assertions about the Roel Report's findings.

After considering all of the pleadings and exhibits, the bankruptcy court approved Trustee's Settlement Motion, finding specifically that Trustee had met her burden to support the settlement as fair and reasonable under A & C Properties. The court entered an order consistent with its tentative ruling on August 26, 2010. Doan did not appeal the settlement order.

**B.     The Removal Motion.**

On November 9, 2010, Doan moved to remove Trustee from LCH's bankruptcy case (the "Removal Motion"). The primary basis for the motion was Doan's displeasure with Trustee's handling of the Settlement Motion and her alleged favoritism of the Haddocks, the only other creditor in the case. According to Doan, Trustee made false representations to the court about the thoroughness of her investigation of the State Court Action; her inquiries about it were cursory and not what she represented in the Settlement Motion.

To support his Removal Motion, Doan included transcripts from the four § 341 creditor's meetings to show how little the State Court Action was discussed. Doan also included a declaration from his bankruptcy counsel, in which counsel stated that the State Court Action was never discussed at the December 4

---

[7] Trustee never mentioned that she spoke with state court counsel for LCH, who had expressed to her his disagreement with the settlement.

meeting at his office as Trustee had represented. In short, Doan argued that Trustee should be removed because: (1) her actions had harmed the estate by dissipating its only asset; (2) her preference of one creditor over another evidenced an apparent lack of disinterestedness and bias; (3) she had failed in her duties to conduct a complete investigation of the State Court Action and the Haddocks's claim; and (4) she had used her position to personally attack, harass, and intimidate Doan.

Trustee opposed the Removal Motion, contending that Doan failed to establish "cause" under § 324(a); it was merely Doan's attempt to disrupt her motion for summary judgment in the pending avoidance action against him. Trustee denied Doan's allegations of bias and adverse interest to the estate, and defended her investigation of the State Court Action and the validity of the Settlement Motion. Trustee further denied Doan's allegations of her improper dissipation of the estate's assets. To Trustee, Doan was a disgruntled defendant who failed to recognize the highly valuable asset of Trustee's avoidance action against him, and her obligation to pursue it. Doan had also failed to recognize Trustee's duty to inquire further about his use of LCH's funds to pay some of his gambling expenses.

In his reply, Doan reiterated his allegations, contending that Trustee's conduct in this case showed not only a clear appearance of impropriety, but also fell short of the fiduciary standards applicable to bankruptcy trustees.

The bankruptcy court heard Doan's Removal Motion on December 15, 2010, and denied it for failing to establish "cause" under § 324. An order denying the Removal Motion was entered on

- 7 -

January 21, 2011.  Doan's premature notice of appeal filed on December 27, 2010, was considered timely upon entry of the removal order.  Rule 8002(a).

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A).  An order denying a motion to remove a bankruptcy trustee is a final order.  Dye v. Brown (In re AFI Holding, Inc.), 530 F.3d 832, 837 (9th Cir. 2008)(collecting cases).  Therefore, we have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court abuse its discretion in denying the Removal Motion?

## IV. STANDARD OF REVIEW

Removal of a trustee under § 324(a) is left to the sound discretion of the bankruptcy court.  In re AFI Holding, Inc., 530 F.3d at 844.  To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record."  United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc).

## V. DISCUSSION

**A.   Removal under § 324(a).**

A bankruptcy trustee is the legal representative and fiduciary of the estate.  In re AFI Holding, Inc., 530 F.3d at

- 8 -

844 (citing <u>United States Trustee v. Joseph (In re Joseph)</u>, 208 B.R. 55, 60 (9th Cir. BAP 1997)). A trustee's duties revolve around marshaling and distributing the assets of the debtor's estate according to the distribution scheme prescribed by the Code, and then closing the estate. <u>Id.</u> at 845.

The court, after notice and a hearing, may remove a trustee for "cause." § 324(a). Removal of a trustee is an extreme remedy. <u>Morgan v. Goldman (In re Morgan)</u>, 375 B.R. 838, 847 (8th Cir. BAP 2007); <u>United States Trustee v. Repp (In re Sheehan)</u>, 185 B.R. 819, 822 (Bankr. D. Ariz. 1995). If a trustee is removed for cause, then that trustee is removed from all other cases in which the trustee is then serving. <u>See</u> § 324(b).

Although not defined in the Code, case law has established that "cause" to remove a trustee may include incompetence, violation of fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate. <u>In re AFI Holding, Inc.</u>, 530 F.3d at 845. The party seeking removal has the burden to show specific facts supporting "cause." <u>Id.</u>

**B. The bankruptcy court did not abuse its discretion in denying the Removal Motion.**

Doan's burden of establishing an abuse of discretion has not been aided by his conduct of this appeal. Doan's opening brief fails to include a table of cases, a statement of the basis of appellate jurisdiction, a statement of the issues presented on appeal, or to provide a proper conclusion. <u>See</u> Rule 8010(a). In any event, Doan asserts the bankruptcy court abused its discretion by overlooking the evidence supporting his Removal

- 9 -

Motion: Trustee lied about the thoroughness of her of investigation of the State Court Action and Haddocks's claim; Trustee showed a lack of disinterestedness by preferring one creditor (the Haddocks) over another (Doan); and she harmed the estate by causing a complete dissipation of estate assets.

After the bankruptcy court reviewed the pleadings and exhibits filed by the parties, and considered the same arguments Doan raises on appeal, it concluded that Doan was merely rehashing the arguments he raised to oppose the Settlement Motion, and that his evidence failed to establish "cause" under § 324(a) and In re AFI Holding, Inc. Because the bankruptcy court applied the correct legal standard, we now review whether its factual findings are illogical, implausible, or without support in the record.

A trustee "'may not be the representative of any particular creditor, but must represent all creditors without partiality.'" In re AFI Holding, Inc., 530 F.3d at 844 (quoting Gross v. Russo (In re Russo), 18 B.R. 257, 270-71 (Bankr. E.D. N.Y. 1982)). In reviewing the underlying documents for the Settlement Motion, we agree that Trustee's investigation of the State Court Action may not have been as "extensive" as she had claimed. She spent little time questioning Doan about it. She also apparently never consulted with LCH's state court counsel in the suit, who opposed the settlement. Nonetheless, Doan has not established that Trustee's conduct regarding the Settlement Motion constituted "cause" to remove her from LCH's case. This conclusion is particularly true since the bankruptcy court found the settlement was fair and reasonable under A & C Properties, and Doan never

appealed the settlement order.

For purposes here, a "disinterested person" is one that "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." § 101(14)(C). An "adverse interest" is the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate. In re AFI Holding, Inc., 530 F.3d at 845. An adverse interest is "material" if it exists "by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . ., or for any other reason." Id. at 845-46.

Doan failed to establish that Trustee held an economic, or any other, interest materially adverse to the interest of the estate or any class of creditors or equity security holders. No evidence established that Trustee had a prior direct or indirect relationship to, connection with, or interest in, LCH, Doan, or the Haddocks, or that Trustee had any actual or potential conflict of interest with same. Trustee's exercise of her business judgment to conclude that the Haddocks had a stronger case than LCH in the State Court Action does not equate to her holding an interest materially adverse to the estate.

As for Doan's argument that Trustee's settlement with the

- 11 -

Haddocks improperly dissipated the estate's assets, Doan fails to recognize, and understandably so, that Trustee's action against him is a valuable asset in LCH's bankruptcy estate, potentially worth at least $210,000. Doan's displeasure with Trustee's action against him does not provide a basis for "cause" under § 324(a). Furthermore, if Doan had issues with the bankruptcy court's findings on the Settlement Motion, he could have appealed the settlement order.

Finally, Doan contends that Trustee should be removed because she has used her position of authority to intimidate and demean him. We reviewed Doan's evidence to support this contention, including the transcripts from all of the § 341 creditor's meetings, and we disagree. We see no evidence that Trustee's interview of Doan was, as he suggests, "an abusive and angry tirade intended to demean" him. Trustee's questions and responses were proper, even if they may have seemed harsh or intrusive to Doan.

Accordingly, because the bankruptcy court's finding that Doan had failed to present specific facts establishing removal is not illogical, implausible or without support in the record, we conclude that it did not abuse its discretion in denying the Removal Motion. Hinkson, 585 F.3d at 1261-62.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.[8]

---

[8] At oral argument, Trustee moved for sanctions against Doan for prosecuting a frivolous appeal. A request for sanctions must be made in a separately filed motion. Rule 8020; Highland Fed. Bank v. Maynard (In re Maynard), 264 B.R. 209, 213 n.5 (9th Cir. BAP 2001). Accordingly, Trustee's improper oral motion for sanctions is denied.

- 12 -