101 F.3d 90
 Medicare & Medicaid Guide P 44,913,
96 Cal. Daily Op. Serv. 8484,
96 Daily Journal D.A.R. 14,038
Paul M. GAMBOA, Plaintiff-Appellant/Cross-Appellee,
v.
Susan M. CHANDLER,* Director, Dept. of Human
Services, State of Hawai'i,
Defendant-Third-Party-Plaintiff-Appellee/Cross-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Third-Party-Defendant-Appellee.
Paul M. GAMBOA, Plaintiff-Appellee/Cross-Appellee,
v.
Susan M. CHANDLER, Director, Dept. of Human Services, State
of Hawai'i,
Defendant-Third-Party-Plaintiff-Appellant/Cross-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Third-Party-Defendant-Appellee.
 Nos. 94-15302, 94-15303.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 17, 1996.
Decided Nov. 22, 1996.
 
 Pamela S. Karlan, George A. Rutherglen, and Daniel R. Ortiz, University of Virginia School of Law, Charlottesville, VA, for plaintiff-appellant/cross-appellee.
 Dorothy D. Sellers (argued), Appellate Division; Steven S. Michaels; Paul S.K. Yuen, Department of the Attorney General, Honolulu, HI, for defendant-third-party-plaintiff-appellee/cross-appellant.
 Barbara C. Biddle, U.S. Department of Justice, Civil Division, Appellate Staff, Washington, DC; Michael Chun, Assistant United States Attorney, Honolulu, HI; Christine N. Kohl, United States Department of Justice, Civil Division, Appellate Staff, Washington, DC, for defendant-third-party-defendant-appellee.
 Appeals from the United States District Court for the District of Hawai'i, Harold M. Fong, Chief District Judge, Presiding. D.C. No. CV-92-00397-HMF.
 Before: HUG, Chief Judge, and BROWNING, SCHROEDER, FLETCHER, WIGGINS, KOZINSKI, TROTT, FERNANDEZ, RYMER, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 * Paul M. Gamboa represents a certified class of individuals who were denied benefits under the Aid to Families with Dependent Children (AFDC) and Medicaid programs. Gamboa applied to the Hawaii Department of Human Services (DHS) for these benefits, but was rejected because he owns an automobile with an equity value of more than $1500. This rendered him ineligible under 45 C.F.R. § 233.20(a)(3)(i)(B)(2)--the so-called "automobile resource exception"--a means test for AFDC and Medicaid recipients. Gamboa sought judicial review of this administrative decision in the Hawaii state courts, naming the Director of DHS as defendant.
 
 
 2
 Because the case turned on the validity of a federal regulation, the Director filed a third-party complaint against the Secretary of Health and Human Services, who promptly removed the case to federal court. Once there, Gamboa filed an amended complaint seeking certification of a class of affected applicants and requesting prospective and retrospective relief. The district court eventually certified the class and upheld the $1500 equity limit, granting the Secretary's and the Director's motions for summary judgment on plaintiffs' AFDC claims. See Order Denying Plaintiffs' Motion for Summary Judgment, Granting Defendant HHS' Motion for Summary Judgment, and Denying in Part and Granting in Part Defendant DHS' Motion for Summary Judgment at 2, 7. However, the district court awarded summary judgment to plaintiffs on their state law Medicaid claims against the Director. See Order Denying Defendant's Motion for Reconsideration and Granting Plaintiffs' Motion for Summary Judgment at 23. Plaintiffs and the Director both appeal.
 
 II
 
 3
 A panel of this court heard the appeal and reversed in part. It held that the automobile equity limit was valid when adopted but had become unreasonable over time because the Secretary failed to adjust it for inflation. Gamboa v. Rubin, 80 F.3d 1338, 1344-49 (9th Cir.1996). The panel also held that plaintiffs' state law Medicaid claims against the Director were barred by the Eleventh Amendment. Id. at 1349-51. We ordered the case reheard en banc. Gamboa v. Rubin, 97 F.3d 1170 (9th Cir.1996).
 
 
 4
 At oral argument on the en banc rehearing, we first noted a jurisdictional problem that had not been raised by the parties. Because plaintiffs' claim for damages against the Director has not been adjudicated, the district court has yet to enter a final judgment in this case. We therefore lack jurisdiction under 28 U.S.C. § 1291. Nor do we have jurisdiction under 28 U.S.C. § 1292(a)(1), which authorizes appellate review of district court orders granting or refusing injunctive relief. Although plaintiffs did request an injunction, the contested summary judgment orders did not expressly grant or deny their request. The district court's orders did have the "practical effect" of denying injunctive relief against the Secretary and granting it against the Director, but such orders may only be appealed if they "can be 'effectually challenged' only by immediate appeal." Carson v. American Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1981). This requirement is not satisfied here because the district court's orders will continue to present a live controversy once a final judgment is entered. The question is therefore preserved for review.
 
 
 5
 Because want of jurisdiction is a non-waivable defect, see United States v. Stone (In re Stone), 6 F.3d 581, 583 n. 1 (9th Cir.1993), we must vacate the opinion of the original panel and dismiss the appeal. The en banc panel retains jurisdiction over any further appeals in this case.
 
 
 
 *
 Susan M. Chandler is substituted for Winona E. Rubin under Fed.R.Civ.P. 25(d)(1)