The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Delaware corporation, Plaintiff–Appellant,

v.

HERCULES INCORPORATED, a Delaware corporation, Hercules Powder Company, Defendants–Appellees.

No. 97–16189.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 1998.

Decided June 22, 1998.

E. Jeffrey Banchero, Banchero & Lasater, San Francisco, California, for the plaintiff-appellant.

Edward P. Sangster, McKenna & Cuneo, L.L.P., San Francisco, California, for the defendants-appellees.

Before CHOY, PREGERSON and BOOCHEVER, Circuit Judges.

CHOY, Circuit Judge.

## Introduction

Plaintiff–Appellant The Atchison, Topeka & Santa Fe Railway Company ("Santa Fe") appeals the district court's dismissal of its complaint against Defendants–Appellees Hercules, Inc. and Hercules Powder Company ("Hercules").[1] Santa Fe contends that the district court erred in sanctioning the party for scheduling order and discovery violations in a separate, but related case.

We REVERSE.

## Factual and Procedural Background

This suit stems from an environmental clean-up and cost-recovery action. Beginning in the 1950's, Santa Fe leased property in Shafter, California to the Brown & Bryant Partnership and its successor, Brown & Bryant, Inc. (collectively "Brown & Bryant"). Brown & Bryant formulated and repackaged agricultural chemicals on the property until 1989.

In the 1980's, this property became the subject of investigations by the United States Environmental Protection Agency and the California Department of Health Services. Their inspections revealed violations regarding the storage, transportation, and disposal of hazardous substances. Brown & Bryant and Santa Fe were named responsible parties, along with several chemical suppliers.

Hercules was one of the chemical suppliers named. Hercules supplied toxaphene, a haz-ardous pesticide. The toxaphene was delivered to the Shafter site both in a powdered dust form and in a liquid form.

## I. Brown & Bryant Action

On February 5, 1992, Santa Fe filed an action against Brown & Bryant.

On May 22, 1992, the district court entered a Scheduling Conference Order. This order gave the parties 90 days to join "any additional parties."

On July 30, 1993, the district court issued a Supplemental Scheduling Conference Order. Finding that "certain third parties are at least partially responsible" for damages, the district court gave the parties 60 days to add "any third party defendants." The time to add third party defendants was subsequently extended until October 13, 1993.

On October 12, 1993, Santa Fe added PureGro Company and Crop Production Services, Inc. as defendants in its action against Brown & Bryant. Santa Fe did not name Hercules as a defendant.

However, Hercules was named as a third-party defendant by Brown & Bryant who filed third-party claims against several of its chemical suppliers. Still, Santa Fe did not assert any cross-claims against Hercules, nor did Hercules assert cross-claims against Santa Fe.

Although they were not suing each other, Santa Fe and Hercules engaged in discovery. In April 1994, Hercules served a first set of interrogatories to elicit Santa Fe's contentions about toxaphene contamination. Santa Fe served its initial response and several supplements between June 1994 and April 1995. None of these responses contained any contentions by Santa Fe about toxaphene *dust* contamination. However, the November 1995 supplement did charge toxaphene *dust* contamination by Hercules.

On July 5, 1995, the district court granted Hercules partial summary judgment on several of Brown & Bryant's claims. Thereaf-

---

**1.** We take judicial notice of *Department of Toxic Substances Control v. Brown & Bryant, Inc., et al.,* No. CIV F–98 5050. In the action, The Burlington Northern and Santa Fe Railway Co., as successor to Appellant here, has filed a cross-complaint against Hercules. If the cross-claim is allowed by the district court, this appeal may be moot.

ter, Hercules refused to participate in the response activities at Shafter.

In May 1996, Santa Fe informed Hercules of its intention to assert toxaphene *dust* claims against the supplier. Santa Fe requested that Hercules stipulate to an amendment of Santa Fe's complaint against Brown & Bryant to permit the cross-claims against Hercules. This request was refused.

## II. *Instant Action*

Rather than move the district court for leave to amend its complaint against Brown & Bryant to add cross-claims against Hercules, Santa Fe filed a completely separate action against the latter on July 23, 1996. Santa Fe's complaint alleged many of the same claims made by Brown & Bryant in its third party complaint against Hercules as well as toxaphene *dust* contamination. Santa Fe filed a Notice of Related Case, and the case was assigned to the same judge hearing the Brown & Bryant action.

On October 14, 1996, Hercules moved to dismiss Santa Fe's complaint. In its order dated May 12, 1997, the district court granted Hercules' motion and dismissed Santa Fe's separate complaint against Hercules. This appeal followed.

### Standard of Review

■ We review a district court's dismissal with prejudice for abuse of discretion. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.1987).

■ We review a district court's interpretation of the Federal Rules of Civil Procedure de novo. *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir.1989).

### Analysis

Rule 16 of the Federal Rules of Civil Procedure authorizes a district court to enter a scheduling order that limits joinder of parties and amendment of the pleadings. Fed. R.Civ.P. 16(b)(1). Violations of a scheduling order may result in sanctions, including dismissal under Rule 37(b)(2)(C). Fed.R.Civ.P. 16(f).

**2.** This case involves both alleged scheduling order and discovery violations by Santa Fe. The analysis provided here concerning the district court's authority to sanction in a separate action

In this case, the district court found that the scheduling orders limited the time within which Santa Fe could amend its complaint to sue Hercules in the Brown & Bryant action.[2] It further rationalized that the scheduling orders in the Brown & Bryant action qualified Santa Fe's right to bring otherwise permissive claims against Hercules in an entirely separate action. Therefore, the district court concluded that Santa Fe's separate suit against Hercules constituted a violation of court orders issued in the Brown & Bryant action; it believed dismissal of the suit was an appropriate sanction pursuant to Rule 37(b)(2)(C).

■ Because the dismissal was based on an erroneous interpretation of the Federal Rules of Civil Procedure, we hold that the district court abused its discretion. *See Norton v. International Harvester Co.*, 627 F.2d 18 (7th Cir.1980).

■ The Federal Rules of Civil Procedure do not authorize dismissal of an entirely separate action for violations in a related action. Rule 37(b)(2)(C) has an implied limit: The effect of a district court's sanction may not pervade beyond the action in which the violation occurred. For example, the district court would have been authorized to deny Santa Fe the opportunity to assert cross-claims against Hercules in the Brown & Bryant action on the basis of the scheduling orders issued in that action. If the violations were particularly egregious, the district court might even have dismissed Santa Fe's entire complaint in the Brown & Bryant action. But the district court's options did not include dismissing the separate action against Hercules for violations by Santa Fe in the Brown & Bryant action.

■ Interpreting the rules to allow dismissal of Santa Fe's separate action against Hercules would eviscerate Rule 14 of the Federal Rules of Civil Procedure. Rule 14 makes claims by a plaintiff against a third-party defendant permissive, not compulsory. *See* Fed.R.Civ.P. 14(a); *Employers Ins. v. Musick, Peeler & Garrett*, 954 F.2d 575, 577

applies to either violation, even though the discussion is framed primarily in the context of the scheduling orders.

(9th Cir.1992). In the absence of another bar like the statute of limitation, a plaintiff retains the option of filing permissive claims in a separate action.

■ Yet the district court in this case essentially turned Santa Fe's permissive claims into compulsory ones. A district court does not have the power to limit Rule 14 in this manner simply by issuing a scheduling order to that effect. The idea that district courts may not contravene the Federal Rules of Civil Procedure is well-established in another context. Specifically, district courts may not follow local rules which are inconsistent with the federal rules. *See Henry v. Gill Industries, Inc.,* 983 F.2d 943, 949–50 (9th Cir.1993). Likewise, the district court in this case exceeded its authority to the extent that it attempted to qualify Rule 14 with scheduling orders.

Hercules argues that this action is only "nominally" separate from the Brown & Bryant suit. But the similarity of the complaint is immaterial as long as Santa Fe's claims remain "permissive" under Rule 14.

Hercules also argues that had Santa Fe filed an amended complaint in the Brown & Bryant action, the district court could have dismissed it. However, this fact is irrelevant to the district court's authority to dismiss an entirely separate complaint. Indeed, Hercules fails to cite any precedent allowing a district court to enforce a scheduling order from one action by dismissing an entirely separate action.

As a result, Hercules fears that parties will be able to circumvent enforcement of scheduling orders. However true, this argument assumes a much broader purpose for scheduling orders than envisioned by the federal rules. The objective of Rule 16 is to expedite and manage the disposition of a particular action. *See* Fed.R.Civ.P. 16(a). There is no provision suggesting that scheduling orders are intended to govern more than one instant case.

■ Finally, we take this opportunity to reject any suggestion that district courts have the inherent power to dismiss separate actions, even if Rule 37(b)(2)(C) does not specifically authorize such a sanction.[3] It is well established that "[d]istrict courts have inherent power to control their dockets and may impose sanctions, *including dismissal,* in the exercise of that discretion." *Hernandez v. City of El Monte,* 138 F.3d 393, 398 (9th Cir.1998). Generally, the inherent power to dismiss has been upheld in the context of abusive conduct. *See, e.g., Hernandez,* 138 F.3d 393 (judge shopping); *Oliva v. Sullivan,* 958 F.2d 272 (9th Cir.1992) (failure to prosecute).

■ Santa Fe's case is distinguishable because Rule 14 establishes permissive claims and thereby legitimizes the decision to file a separate action. In this sense, Santa Fe's procedural strategy cannot be considered abusive. The Federal Rules are "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard [a Rule's] mandate than they do to disregard constitutional or statutory provisions." *Bank of Nova Scotia v. United States,* 487 U.S. 250, 255, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). Thus, we join other circuits in holding that district courts have inherent power to control their dockets, but not when its exercise would nullify the procedural choices reserved to parties under the federal rules. *See, e.g., Moravian School Advisory Board of St. Thomas v. Rawlins,* 70 F.3d 270, 274 (3d Cir.1995) (federal court may not exercise its inherent authority in a manner inconsistent with a rule or statute); *G. Heileman Brewing Co. v. Joseph Oat Corp.,* 871 F.2d 648, 652 (7th Cir.1989) (en banc) (inherent powers should be exercised in a manner that is in harmony with the Federal Rules of Civil Procedure).

In sum, neither the Federal Rules of Civil Procedure nor the district court's inherent power justifies the dismissal of Santa Fe's separate action against Hercules. Because we hold that the district court exceeded its authority in dismissing Santa Fe's separate action against Hercules, we need not determine whether Santa Fe's actions actually constituted a violation of court orders issued in the Brown & Bryant action. Regardless of any violations found by the district court

---

**3.** The district court did not cite its inherent power as the basis for its decision, but this court may consider any basis supported by the record. *See Henry,* 983 F.2d at 950.

involving orders issued in the Brown & Bryant action, the decision to sanction in this entirely separate action was improper.

REVERSED.