Nancy Lee FERLAND, Plaintiff–Appellant,

v.

Terri BRABAND, an individual, Defendant–Appellee.

No. 99–55910.

D.C. No. CV–97–01612–BTM/CGA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2001.

Decided March 28, 2001.

---

**8.** *McKinney*, 15 F.3d at 852.

Before TROTT, THOMAS and BERZON, Circuit Judges.

MEMORANDUM *

Nancy Ferland appeals from the district court's dismissal of her lawsuit against Terri Braband on the ground that she filed the Braband suit to circumvent a Rule 16 scheduling order in a separate but related case against Braband's employer. We need not recite the facts, as the parties are familiar with them. We reverse.

The district court abused its discretion by dismissing this action as a sanction for violating a scheduling order in a separate case, even though both lawsuits arise from the same facts. "The Federal Rules of Civil Procedure do not authorize dismissal of an entirely separate action for violations in a related action." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1073 (9th Cir.1998).

This case is nearly indistinguishable from *Atchison, Topeka & Santa Fe*, differ-

ing only in that it involves a permissive joinder of parties under Rule 20, rather than a permissive third-party claim under Rule 14. This distinction is immaterial. Much as the *Atchison, Topeka & Santa Fe* court found that a dismissal sanction impermissibly converted the plaintiff's permissive claims in a separate but related lawsuit into compulsory ones, *id.* at 1074, in this case, the district court's dismissal of this action impermissibly converted Ferland's option to join Braband as a party to her other lawsuit arising from the same facts into a requirement that she do so.

Although the district court suggested that "the instant matter is more akin to compulsory joinder" under Fed.R.Civ.P. 19, the court made no findings that Braband *is* a necessary party under Rule 19 in Ferland's suit against his employer. Nor can we perceive any basis for holding that Braband, merely because he is an employee of the defendant in Ferland's other suit, was a necessary party to that suit. Braband does not "claim[ ] an interest" in the lawsuit between Ferland and his employer. There is no contention that failing to join him as a party to that suit would impair Braband's ability to protect his interests. Fed.R.Civ.P. 19(a)(2). Nor will allowing Ferland to sue Braband separately expose his employer to "inconsistent obligations," Fed.R.Civ.P. 19(a)(2)(ii), because the employer's liability has already been determined by jury trial in the other action. Although the employer may indemnify Braband for any liability Braband may incur, that would be a choice, not an "obligation."[2]

REVERSED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. The question we decide here relates only to the dismissal of the case as a sanction for Ferland's failure to comply with the Rule 16 order in a related case. We express no view on the legal or factual merits of Ferland's claim against Braband, including whether Ferland has stated a claim against Braband in her pleadings.

694

TROTT, Circuit Judge, Dissenting.

The difference between this case and *Atchison, Topeka and Santa Fe Railway v. Hercules Inc.*, 146 F.3d 1071, 1073 (9th Cir.1998), a case of which the district court was well aware, appears to me to be more than my able colleagues acknowledge. Simply put, this is not a Rule 14 case. The district court correctly recognized this difference noting that the current case is more akin to compulsory joinder under Rule 19, as well as the untoward result that double filing would create i.e., prejudice and extra expense. Moreover, the reason for the attempt to file this case as a separate case from the case of which it should have been a part stems from lawyering that fell far short of what is expected from a person adequately schooled in the law. Scheduling orders are necessary to the efficient processing of cases—for everybody. Nowhere in the United States is the workload of our courts more daunting than in the Southern District of California. There was no excuse for missing the scheduling order and for attempting unnecessarily to make two cases out of one. If we are going to accommodate these kinds of inexcusable failures of lawyering, our system will soon sink into chaos.

In fine, I do not believe the district court erred in its legal understanding of the issue. Consequently, I conclude that the discretion exercised by the district court was justified and appropriate. With all deference to my colleagues' different views, I respectfully dissent.