Jay D. BELFORD; John Wyper, individually and on behalf of all others similarly situated, Plaintiffs—Appellees,

and

Steven Roseman, Intervenor,

v.

FARMERS INSURANCE GROUP OF COMPANIES; Farmers Insurance Exchange; Farmers Underwriters Assoc., Defendants—Appellants.

Jay D. Belford; John Wyper, individually and on behalf of all others similarly situated, Plaintiffs,

Steven Roseman, Intervenor,

and

Ed Dunlap, Plaintiff—Appellant,

v.

Farmers Insurance Group of Companies; Farmers Insurance Exchange; Farmers Underwriters Assoc., Defendants—Appellees.

Nos. 00–57187, 01–55308.
D.C. No. CV–95–00762–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2002.*

Decided Aug. 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before REINHARDT, LEAVY and TROTT, Circuit Judges.

## MEMORANDUM**

Farmers Insurance Exchange ("Farmers") appeals the jury verdict in favor of its claims representatives, Jay Belford and John Wyper. Farmers contends that the district court erred by (1) refusing to allow Farmers' expert to testify, and (2) denying Farmers' motion for mistrial alleging juror bias and misconduct. Another claims representative, Ed Dunlap, cross-appeals the district court's order and judgment that he had not opted into the entire lawsuit, thus denying him relief on the state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's decisions excluding the expert testimony and denying the motion for mistrial, but re-

** This disposition is not appropriate for publication and may not be cited to or by the

verse the district court's dismissal of Dunlap, and remand for arbitration of Dunlap's damages and entry of judgment in his favor.

## DISCUSSION

### I FARMERS' CLAIMS

#### A. Standard of Review

We review for an abuse of discretion the district court's decision to admit or exclude expert testimony. *United States v. Alatorre,* 222 F.3d 1098, 1100 (9th Cir.2000). We review for an abuse of discretion the district court's denial of a mistrial or denial of a new trial based on alleged juror misconduct or bias. *Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co.,* 206 F.3d 900, 911 n. 19 (9th Cir.2000) (new trial); *United States v. Mills,* 280 F.3d 915, 921 (9th Cir.2002) (mistrial). "Although we review alleged incidents of juror misconduct independently, we must accord special deference to the trial judge's impression of the impact of the alleged misconduct." *Sea Hawk Seafoods,* 206 F.3d at 911 n. 19 (internal quotations omitted).

#### B. Analysis

##### 1. Expert Testimony

■ Federal Rule of Evidence 702 states:

If scientific, technical, or other specialized knowledge will *assist the trier of fact to understand the evidence or to determine a fact in issue,* a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(emphasis added). In this case, to determine if expert testimony was admissible the court asked if "there [was] anything about the word 'independent judgment' that is so unique that it requires expert testimony to assist the trier of fact?" The district court's answer to this question was: "I don't find that the issue of fact we're dealing with is so complex that the jury needs to have someone explain it to them." Farmers contends that the district court applied the wrong standard for admissibility because it asked if the expert testimony was *required* to assist the jury and whether the jury *needed* the testimony, not simply whether it would assist the trier of fact, without any further qualification. *See United States v. Rahm*, 993 F.2d 1405, 1410 (9th Cir.1993) (noting that a district court abuses its discretion when it bases its decision on an erroneous view of the law).

We hold that the district court applied the correct standard for admissibility of expert testimony. The court looked at the complexity of the issue, the jury's need for further information or instruction and whether Farmers' expert's opinion would assist the jury. Although the district court used the words "requires" and "need," it is apparent from the questions that it was focusing on the knowledge of the jury and the jury's ability to decide the issue without further testimony.

### 2. *Wizard of Id*

 Farmers argues that the jurors considered extrinsic evidence during deliberations when they viewed a *Wizard of Id* comic strip and then sent it to the district judge. We hold that the *Wizard of Id* comic strip is not extrinsic evidence. Ex-

trinsic evidence is "evidence not legitimately before the tribunal in which the determination is made." Blacks Law Dictionary 588–89 (6th ed.1990). Here, the supposedly extrinsic evidence had no relationship to the parties in the lawsuit or to the issues in the case. The comic strip provided no additional information to the jury, only comic relief. The district court was correct when it noted that "it's probably very innocent." [1]

## II DUNLAP'S CLAIM

### A. Standard of Review

A district court's interpretation of the federal rules is an application of law reviewed de novo. *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1073 (9th Cir.1998).

### B. Analysis

 Dunlap argues that he was a party to both the federal and state causes of action because: (1) he consented to be a plaintiff, and he opted into Belford's and Wyper's entire lawsuit, and (2) the pretrial conference order, which controls the proceedings, does not distinguish between plaintiffs when referring to the state and federal causes of action.

First, although 29 U.S.C. § 216 allowed Dunlap to opt in to the federal cause of action, there is no equivalent state statute that allows Dunlap to opt in to the state cause of action without being joined in the lawsuit. Thus, Dunlap's consent to become a plaintiff pursuant to 29 U.S.C. § 216 made him a party to the federal cause of action only.

---

1. Farmers argues that the judge erred by inquiring into the jury's intent in sending the comic strip to her. This inquiry was not in error because the inquiry did not delve into a juror's mental process in assenting to or dis-

senting from the verdict. *See* Fed.R.Evid. 606(b). Thus, the jurors' responses are admissible evidence and it is apparent from those responses that the jury intended to share a little humor with the judge.

■ Second, Federal Rule of Civil Procedure 16(c) lists the proper functions of a pre-trial conference order. Those functions do not include adding or dropping parties from an action. The pretrial conference order is the controlling document to determine which issues were preserved for litigation and which were waived. Fed. R.Civ.P. 16(e). It is not, however, an acceptable way to add a party, and Dunlap points to no authority that allows a pre-trial conference order to do so. As the district court noted, the proper way to join a party is through Federal Rule of Civil Procedure 19, 20 or 21. Therefore, the district court correctly determined that Dunlap was not properly joined as a party to the state law cause of action.

Although Dunlap was not formally joined as a party to the state law cause of action, Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Here, Dunlap was treated as a participant throughout the trial, and the jury found in his favor. He seeks an individualized arbitration award, the same remedy Belford and Wyper sought and were granted. Earlier joinder would not have affected the course of the litigation, as Farmers defended the same claims brought by Belford and Wyper and the jury decided the federal and state issues for all three claims representatives. Although Dunlap does not request joinder as such, his argument that he is already a plaintiff is broad enough to allow us to conclude that it is just to join Dunlap as a plaintiff. Thus, we reverse the district court's judgment dismissing Dunlap and remand for the district court to add Dunlap as a party pursuant to rule 21 and to determine his damages as it did for Belford and Wyper.

## CONCLUSION

For the reasons stated above, we affirm the district court's decisions excluding Farmers' expert's testimony and denying Farmers motion for mistrial, but reverse the district court's dismissal of Dunlap and instruct the district court to add Dunlap as a party pursuant to Rule 21 and to afford him the same relief it did Belford and Wyper.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.