People of CALIFORNIA, Plaintiff,

and

City of Lodi, Plaintiff—Appellant,

v.

M & P INVESTMENTS, Defendant,

and

Jack Alquist; Guild Cleaners, Inc.; Odd Fellows Hall Association of Lodi, Inc.; Beckman Capitol Corporation, Defendants—Appellees.

People of California, Plaintiff,

and

City of Lodi, Plaintiff—Appellant,

v.

M & P Investments, Defendant,

and

Jack Alquist; Guild Cleaners, Inc., Defendants—Appellees.

No. 01–16991, 01–17494.

D.C. Nos. CV–00–02441–FCD/JFM, CV–00–02441–FCD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2002.

Decided Sept. 10, 2002.

Before GOODWIN, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM *

These consolidated appeals concern dual federal court and city administrative proceedings in which the State of California and the City of Lodi, California (collectively the "City"), seek adjudication of liabilities on environmental contamination claims under local, state and federal law. The federal suit contains over 100 defendants, but only the four involved in the city administrative action-Guild Cleaners, Inc., Jack Alquist, and Odd Fellows Hall Association of Lodi, Inc., and Beckman Capital Corp. (collectively "Guild")-are appellees here. The City argues that the district court lacked authority under the All Writs Act to stay enforcement of an administra-

tive abatement order ("the AAO stay") issued in the city administrative action, and lacked authority under Fed.R.Civ.P. 34 to stay wastewater monitoring inspections ("the wastewater monitoring stay") that the City attempted to conduct on appellee's land pursuant to federal and state environmental law. The parties are familiar with the complex history of this litigation and we do not recite it here.

**Jurisdiction**

We consider first whether we have jurisdiction to review the district court's August 28, 2001, AAO stay of the City Enforcing Officer's August 15, 2001, Administrative Abatement Order ("AAO"). The City urges jurisdiction on the basis of 28 U.S.C. § 1292(a)(1). While the AAO stay does not on its face grant or deny an injunction, jurisdiction on the basis of section 1292(a)(1) lies where the order: (1) has the practical effect of an injunction, (2) might have a serious, perhaps irreparable, consequence, and (3) can be effectually challenged only by immediate appeal. *See Carson v. American Brands*, 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). *See also Paige v. State of California*, 102 F.3d 1035, 1038 (9th Cir.1996). *See also Gamboa v. Chandler* 101 F.3d 90, 91 (9th Cir.1996).

 We believe that the jurisdictional factors under *Carson* are met here. First, the AAO stay has the practical effect of an injunction, in that it precludes, at least temporarily, the forms of relief addressed on the face of the City's complaint. Second, the AAO stay raised the possibility of serious and irreparable consequences-the AAO issued on findings of the potential for immediate and irreparable contamination, and the City's attempt to abate this condi-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion through local remedy may be fairly characterized as an attempt to respond to a serious environmental hazard where time was of the essence. Finally, the AAO stay can only be effectually challenged by immediate appeal. While the district court suggested that the same relief could have been sought through a TRO or a preliminary injunction, thus negating the need for the AAO, the City has not yet obtained the relief sought in the AAO in federal court.

**Issuance of AAO Stay**

We review de novo whether the district court possessed the power to issue an injunction and review for abuse of discretion the district court's exercise of that power. *See Continental Airlines, Inc. v. Intra Brokers, Inc.,* 24 F.3d 1099, 1102 (9th Cir. 1994). The court issued the AAO stay under its inherent powers under the All Writs Act, 28 U.S.C. § 1651(a). The City relies on *In re Baldwin–United,* 770 F.2d 328 (2d Cir.1985), to argue the All Writs Act may be interpreted with reference to related constructions of the Anti–Injunction Act, 28 U.S.C. § 2283. We disagree. *Baldwin–United* involved a stay of imminent state (not administrative) proceedings, under the All–Writs Act. Because the Anti–Injunction Act applies to injunctions against state proceedings, the Second Circuit looked to its constructions of that Act in determining whether the district court had authority to issue the stay. *See Baldwin–United,* 770 F.2d at 335. Furthermore, we have explicitly held that the Anti–Injunction Act does not apply to injunctions directed at state administrative proceedings, consistent with all circuits reaching the issue. *See Bud Antle, Inc. v. Barbosa,* 45 F.3d 1261, 1271–72 (9th Cir. 1994). We thus consider the district court's authority to issue the AAO stay exclusively with reference to constructions of the All Writs Act.

The court's powers under the All Writs Act "should be broadly construed," *Hamilton v. Nakai,* 453 F.2d 152, 157 (9th Cir. 1972), and may be applied to "achieve all rational ends of law." *See Adams v. United States,* 317 U.S. 269, 273, 63 S.Ct. 236, 87 L.Ed. 268 (1942). We have explicitly permitted courts to enjoin administrative proceedings commenced after the federal court's assertion of jurisdiction. *See Securities and Exch. Comm'n v. G.C. George Sec., Inc.* ("*G.C.George* "), 637 F.2d 685, 687–88 (9th Cir.1981) (All Writs Act authorized district court to stay administrative proceeding involving issues related to a settlement over which the district court retained jurisdiction). The district court also based its order on *United States v. Norton,* 640 F.Supp. 1257, 1261 (D.Colo. 1986), which applied the reasoning of *G.C. George* to hold that the All Writs Act authorized an injunction staying administrative proceedings initiated by the DEA where it had previously instituted a federal action on the same issues.

■ *Norton* and *G.C. George* involve a procedural posture similar to that presented here. All involve an initial election to file a federal complaint where administrative remedies were also available, and a subsequent attempt to initiate administrative proceedings asserting claims of liability raised in the federal action. *Norton* justified the stay of the administrative proceedings on the basis that the federal plaintiff elected relief in federal court in the first instance, caused expenditure of judicial time and resources, and had remedies on appeal if it was dissatisfied with the federal relief ultimately provided. *Norton,* 640 F.Supp. at 1262. All of these circumstances apply here, and we conclude that the court had the authority to issue the AAO stay under the All Writs Act.

■ We next consider whether the court abused its discretion in issuing the

AAO stay. The court was obviously concerned that the AAO would impede its ability to exercise jurisdiction over the issues in the federal suit. Further, the district court has invested considerable time and resources in overseeing what seems to be an ever-growing and highly complex action. Finally, the court has now considered both a TRO, and a preliminary injunction on issues similar to those effectively adjudicated by the AAO, and it cannot be said that the City is being deprived of consideration of the "time-sensitive" issues that motivated the administrative action in the first place. We also note that both the record and the parties' post-trial submissions demonstrate that the court is actively and effectively administrating the action in a time-sensitive manner. Taking these factors together, we conclude the district court was within its discretion in issuing the AAO stay. Nonetheless, we caution that in its continuing oversight role, the court remain sensitive to the limits of its jurisdiction over the many fundamentally local matters that may yet be touched by this litigation, particularly where the relevant environmental regulations provide to the City remedial avenues that do not run through federal court.

**Jurisdiction Over The Court's Stay of Inspection of Land at Issue in the Suit.**

Finally we consider whether we have jurisdiction to review the court's order requiring that the City's well inspections on land owned by potentially responsible parties in this case be conducted pursuant to Fed. R. Civ. Proc. 34.

■ Under *Carson* the answer is no. First, the wastewater monitoring order does not have the practical effect of an injunction. Unlike the court's stay of the AAO order, this order does not address the substance of the federal claim. Nor do we believe that issuance of the wastewater monitoring order might have serious, perhaps irreparable consequences; it is, at bottom, a discovery order, and in no way keeps the City of Lodi from fulfilling its statutory obligation to inspect publicly-owned treatment works. The wastewater monitoring order merely requires that the City, as a party to a federal action, abide by the Federal Rules in its conduct of discovery. Finally, in recognition of the district court's "inherent authority to control its dockets" under the Rules, *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules*, 146 F.3d 1071, 1074 (9th Cir.1998), we do not believe that the wastewater monitoring order qualifies as a matter effectually challenged only by immediate appeal. Accordingly, we are without jurisdiction to review the City's arguments on the merits of this issue.

To summarize, we determine that we have jurisdiction to review the AAO stay and affirm the district court's entry thereof; we conclude that there is no jurisdiction to review the wastewater monitoring stay and dismiss that portion of the appeal.

**AFFIRMED in part, DISMISSED in part.**