**Verena LAMOS, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant–Appellee.**

No. 07–56000.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2008.*

Filed April 23, 2008.

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

Cedina Kim, AUSA, Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, FISHER and PAEZ, Circuit Judges.

MEMORANDUM **

This is an appeal from the district court's April 10, 2007 order denying appellant's motion for an extension of time to appeal.

Appellant filed her notice of appeal on July 6, 2007, more than 60 days after entry of the district court's April 10, 2007 order. Accordingly, appellee's motion to dismiss in part is granted because this court lacks jurisdiction to review any orders entered by the district court before May 7, 2007. *See* Fed. R.App. Proc. 4(a)(B).

The only order from which appellant could timely appeal is the district court's May 10, 2007 "Order to Strike Electronically Filed Documents," pursuant to which the district court struck a document filed on May 7, 2007 by plaintiff's counsel as filed in the wrong case. Appellant raises no error in relation to the district court's May 10, 2007 order. Furthermore, our review of the record and the opening brief reflects that the district court did not err in striking from the docket in case no. CV–05–03663 a motion to reconsider captioned "Steven M. Lopez, Plaintiff, v. Michael J. Astrue, Commissioner of Social Security Administration, Defendant; Case No. CV 04–0484 SJO." *See, e.g., The Atchison, Topeka and Santa Fe Railway Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998) (district courts have inherent power to control their dockets and may impose sanctions in the exercise of that discretion). Accordingly, appellee's motion

for summary affirmance in part is granted because the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

**AFFIRMED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

