FILED

**NOT FOR PUBLICATION**

MAR 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DEL ROSARIO CORONA, as heir of the Estate of Oscar Cruz,<br><br>    Plaintiff,<br>and<br><br>ANDRES SANTANA,<br>    Plaintiff - Appellant,<br> v.<br><br>MIKE KNOWLES, Warden; CHRIS CHRONES, Warden; S. FRAUNHEIM, Facility D Captain; KELLY HARRINGTON, Warden,<br><br>    Defendants - Appellees. | No. 10-15398<br><br>D.C. No.1:08-cv-237-LJO-DLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California,
Lawrence O'Neill, District Judge

Argued and Submitted February 18, 2011
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and ADELMAN, District Judge.**

  Plaintiff, an inmate at Kern Valley State Prison ("KVSP"), brought this

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  **  The Honorable Lynn S. Adelman, District Judge for the United States District Court for the Eastern District of Wisconsin, sitting by designation.

action under 42 U.S.C. § 1983 against the KVSP warden and others alleging that defendants violated (1) his Fourteenth Amendment right to equal protection by placing him in lockdown based on a racial classification, (2) his Fourteenth Amendment right to due process by placing him in lockdown without an individualized hearing, and (3) his Eighth Amendment right to engage in reasonable exercise. The district court granted defendants' motion to dismiss plaintiff's Fourteenth Amendment claims but allowed the Eighth Amendment claim to proceed. Pursuant to 28 U.S.C. § 1292(a)(1), plaintiff now brings an interlocutory appeal. We conclude that, under the circumstances, § 1292(a)(1) does not confer appellate jurisdiction, and we therefore dismiss the appeal.

Section 1292(a)(1) authorizes an interlocutory appeal from an order "granting, continuing, modifying, refusing or dissolving" an injunction. 28 U.S.C. § 1292(a)(1). In Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981), the Supreme Court held that for an interlocutory order to be immediately appealable under § 1292(a)(1), it must either expressly grant or deny injunctive relief or have the practical effect of denying an injunction; create a serious, perhaps irreparable, consequence; and be effectually challenged only by immediate appeal. Id. at 84. In the present case, the district court did not expressly refuse to grant an injunction (at no point in the case did plaintiff actually move for an injunction), but rather

2

partially granted a motion to dismiss. Further, although the dismissal had the practical effect of denying an injunction, its consequences are insufficiently serious to satisfy the Carson standard. Plaintiff is not presently in lockdown, and it is speculative that he will be placed in lockdown in the future. Moreover, his "failure to promptly and actively seek [preliminary] injunctive relief 'is a good indication that the status quo can continue until the ultimate conclusion of the litigation without interlocutory appellate review.'" S. Bend Consumers Club, Inc. v. United Consumers Club, Inc., 742 F.2d 392, 394 (7th Cir. 1984) (quoting Shirey v. Bensalem Twp., 663 F.2d 472, 476 (3d Cir. 1981)). Finally, plaintiff presents no reason why he will not be able to appeal the dismissal of his Fourteenth Amendment claims after resolving his Eighth Amendment claim in the district court. See Gamboa v. Chandler, 101 F.3d 90, 91 (9th Cir. 1996). Thus, plaintiff's appeal is **DISMISSED** for lack of jurisdiction.