**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARNELL GRIFFIN,

              Plaintiff - Appellant,

  v.

NOLAN ESPINDA; et al.,

              Defendants - Appellees.

No. 11-16561

D.C. No. 1:10-cv-00420-BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding[**]

Submitted June 26, 2012[***]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

   Hawaii state prisoner Darnell Griffin appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants were

---

   [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The parties consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

   [***]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

deliberately indifferent to his safety and health. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed Griffin's action because he failed to exhaust administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion in considering defendants' motion to dismiss despite the fact that it was filed outside the time limits set by the scheduling order and the local rules. *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules*, 146 F.3d 1071, 1074 (9th Cir. 1998) (recognizing the district court's "inherent authority to control its dockets").

Griffin's remaining contentions, including those concerning equitable estoppel, are unpersuasive.

**AFFIRMED.**