**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PETER J. MCDANIELS,

Plaintiff-Appellant,

v.

BELINDA STEWART, Religious Programs Manager; WASHINGTON STATE DEPARTMENT OF CORRECTIONS; PAM PERDUE, Assistant Food Service Manager, SCCC; JOSHUA SENDAWULA, Chaplain Administrator, SCCC; PATRICK R. GLEBE, (former) Superintendant, SCCC; DAN VAN OGLE, (former) Associate Superintendant, SCCC; G. STEVEN HAMMOND, Chief Medical Officer, DOC; ROBERT WEBER, Medical Administrator, DOC; BRENT CARNEY, State Dietician; KEVIN BOVENKAMP, Medical Administrator, DOC; SARAH SMITH, Medical Administrator, SCCC; NORMAN GOODENOUGH, Medical Administrator, SCCC; DANIELLE ARMBRUSTER, Director of Correctional Industries; JIM PARKER, Assist. Director for Food, CI; ROBERT HERZOG, DOC Assistant Secretary/Deputy Director/Designee; BRAD SIMPSON, Food Service Manager, DOC; LT. MCCARTY; RICHARD ROBERTS; RHONDA WILLIAMSON, substitutes for

No.    19-35245

D.C. No. 3:15-cv-05943-BHS

MEMORANDUM[*]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant Joe Williamson,

   Defendants-Appellees,

 and

JOE WILLIAMSON; DOC CARE
REVIEW COMMITTEE, Pat Doe(s) 1-9;
EARL X. WRIGHT; SCOTT FRAKES;
PAT DOE, Practitioner, Dieticians, 1-5,
Dieticians 4 - 10  Consultants 11, 12 and 13,
Policy Makers 37-38,
Supervisors/Administrators 40, 41 and 42,
SCCC Kitchen Supervisor, SCCC Kitchen;
CI FOOD PLANT
PRODUCTION/STORAGE; DALE
CALDWELL; CLARA CURL; DOC/SCCC
GRIEVANCE PROGRAM; DOC/SCCC
RELIGIOUS PROGRAM; TOM FITHIAN;
JACKSON; JAY JACKSON; BRIAN
KING; LABOR ORGANZIATIONS;
MCTARSNEY; DAN PACHOLKE; SCCC
FOOD SERVICES; BERNARD WARNER;
JOHN DOE, Lt.,

   Defendants.

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 17, 2020[**]

Before:  O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

---

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner Peter J. McDaniels appeals pro se from the district court's summary judgment in his action brought under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

McDaniels did not raise a genuine dispute of material fact as to whether the non-halal diets were any more or less healthy than the halal diets. Nor did he raise a genuine dispute of material fact as to whether he has a soy allergy. As a result, he failed to show that the defendants' actions substantially burdened his religious exercise. Accordingly, the district court properly granted summary judgment on his First Amendment and RLUIPA claims. *See Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005); *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997), *abrogated on other grounds as recognized in Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

McDaniels failed to raise a genuine dispute of material fact as to whether the defendants either knew of and disregarded an excessive risk to his health and safety, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994), or purposefully ignored or failed to respond to a possible medical need, *see McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v.*

*Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Accordingly, the district court properly granted summary judgment on his Eighth Amendment claims.

McDaniels failed to raise a genuine dispute of material fact as to whether the defendants intentionally discriminated against him because of his religion. Consequently, the district court properly granted summary judgment on his equal protection claim. *See Freeman*, 125 F.3d at 737.

McDaniels failed to raise a genuine dispute of material fact as to whether Richard Roberts took any adverse action against him because of protected conduct. Therefore, the district court properly granted summary judgment on his retaliation claim against Roberts. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

In his second amended complaint, McDaniels failed to provide any details beyond a passing statement that Joe Williamson retaliated against him. Consequently, he failed to raise a genuine dispute of material fact as to whether Williamson took adverse action against him because of his protected conduct. *See id.* Accordingly, the district court properly granted summary judgment on his retaliation claim against Williamson.

Because McDaniels failed to cite any augmentative legislation that would allow him to bring a private cause of action under the Washington State Constitution, the district court did not err in concluding that he failed to bring a

4

viable claim. *See Blinka v. Wash. State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash. Ct. App. 2001).

McDaniels did not raise a genuine dispute of material fact as to whether the defendants negligently served him rotten meat or failed to care for his purported medical condition. Nor did he raise a genuine dispute of material fact as to whether the defendants intentionally inflicted harmful bodily contact upon him. Finally, McDaniels waived his claim of intentional infliction of emotional distress because he failed to raise it in his second amended complaint. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Issues not presented to a district court generally cannot be heard on appeal."). Accordingly, the district court properly granted summary judgment on McDaniels's state tort claims.

McDaniels abandoned his due process claims because he failed to support them with any argument. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

II

The district court did not abuse its discretion by denying McDaniels's request for appointment of counsel because McDaniels was able to articulate his claims without such assistance and he was unlikely to succeed on the merits of his case. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The district court did not abuse its discretion by denying McDaniels's request for appointment of an expert witness to explain his purported medical

condition. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Because there was no evidence of a medical condition, there was nothing for an expert witness to explain.

The district court did not abuse its discretion by denying McDaniels's request for an extension of discovery. Nor did it abuse its discretion by limiting McDaniels's response to the defendants' motion for summary judgment to fifty pages instead of ninety-eight. *See Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("[D]istrict courts have inherent power to control their dockets . . . .").

## III

Because we normally "will not supplement the record on appeal with material not considered by the trial court," *Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987), McDaniels's Motion to Add Newly Discovered Evidence, filed with this court on September 23, 2019 (Docket Entry No. 12), is DENIED.

**AFFIRMED.**