**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER KING, AKA KingCast, JD,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>FACEBOOK, INC.; JENNIFER MARIE MALONE,<br><br>    Defendants-Appellees. | No. 20-15188<br><br>D.C. No. 3:19-cv-01987-WHO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Christopher King appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from Facebook,

Inc.'s removal of certain of King's posts and temporary suspensions of his account.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). We affirm.

The district court properly dismissed King's claims against Facebook alleged in his second amended complaint because Facebook is immune under the Communications Decency Act. *See* 47 U.S.C. § 230(c)(1); *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."); *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101 (9th Cir. 2009) ("[T]he language of the statute does not limit its application to defamation cases.").

The district court properly dismissed King's claims against Facebook alleged in his third amended complaint for retaliatory breach of contract and breach of the implied covenant of good faith and fair dealing because King failed to allege sufficient facts to state a plausible claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (a court may not supply essential elements of a claim in a pro se complaint); *see also Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th Cir. 1998) ("[A] party cannot be held liable on a bad faith claim for doing what is expressly permitted in the agreement."); *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 78 Cal. Rptr. 2d 725, 733 (Ct. App. 1998) (outlining elements of

a breach of contract claim).

The district court properly declined to address King's claim against Facebook alleged in his third amended complaint for violation of the First Amendment because King was not granted leave to add that claim. *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("[D]istrict courts have inherent power to control their dockets. . . ."). King's contention that the district court should have granted him leave to amend to plead a First Amendment claim is without merit.

We reject as without merit King's argument that his claims should not have been dismissed because Facebook's terms of service are unconscionable.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**