NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAUNAK SAYTA,<br><br>         Plaintiff-Appellee,<br><br> v.<br><br>BENJAMIN MARTIN,<br><br>         Defendant-Appellant.<br><br> v.<br><br>JOHN E. COWAN,<br><br>         Respondent-Appellee, | No.   22-15611<br><br>D.C. No. 3:16-cv-03775-LB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted August 22, 2023[**]
San Francisco, California

Before:  BUMATAY, KOH, and DESAI, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Benjamin Martin appeals the magistrate judge's decision denying, in part, Martin's motion for attorney's fees and costs under Federal Rule of Civil Procedure 69. The parties do not dispute that California law applies. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 677 (9th Cir. 2017) ("Under Federal Rule of Civil Procedure 69[(a)(1)], district courts enforce money judgments in accordance with the procedures of the states where they are located."). We have jurisdiction under 28 U.S.C. § 1291. We reverse the judgment.

In a previous appeal before this court, Martin was granted $46,980 in attorney's fees and $392 in double costs against both Shaunak Sayta and Sayta's attorney, John Cowan. Martin filed a writ of execution against Cowan in September 2021. After the court entered judgment on the writ, Martin took steps to collect the debt. Before the judgment was satisfied, Martin filed a memorandum of costs on October 19, 2021, claiming $25,725.03 in attorney's fees and costs associated with enforcing this court's judgment. *See* Cal. Civ. Proc. Code §§ 685.040, 685.070. Cowan objected to the memorandum of costs on November 2, 2021, two days after the deadline. *See* § 685.070(c) (providing that "[w]ithin 10 days after the memorandum of costs is served on the judgment debtor, the judgment debtor may apply to the court on noticed motion to have the costs taxed by the court").

Martin argues that the magistrate judge's conclusions that (1) Cowan's

objection was timely filed under Northern District of California Civil Local Rule 54-2 or (2) equitable tolling would apply were erroneous.[1]  We agree.

1.　　Local Rule 54-2 allows for filing an objection to costs "[w]ithin 14 days after service by any party of its bill of costs."  The general rule is that a court's local rules have the force and effect of law, so long as they are not inconsistent with a statute or the Federal Rules.  *See Atchison, Topeka & Santa Fe R.R. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).  In this case, Local Rule 54-2 is inapplicable because it follows Federal Rule of Civil Procedure 54. *See* Civil L.R. 54-1(b).  It does not apply to obtaining costs related to enforcing a judgment, *see* Fed. R. Civ. P. 69(a), but rather to costs and attorney's fees for prevailing parties, *see* Civil L.R. 54-2; Fed. R. Civ. P. 54(d); *see also Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007) (explaining that Rule 69, not Rule 54(d)(2), applied to the plaintiffs' fee motion).  Thus, the magistrate judge erred in concluding that Local Rule 54-2 cured Cowan's untimely objection.

2.　　"[E]quitable tolling pauses the running of, or 'tolls,' a statute of

---

[1]  The magistrate judge initially concluded that Cowan's objection was timely filed pursuant to California Code of Civil Procedure sections 1010.6(a)(3)(B) and 1013(g).  Following a motion for reconsideration, the magistrate judge assumed that Martin was correct that sections 1010.6(a)(3)(B) and 1013(g) did not apply. Cowan does not argue on appeal that the California Code of Civil Procedure should apply.  Thus, Cowan forfeited this issue.  *See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc) (explaining that "[g]enerally, an appellee waives any argument it fails to raise in its answering brief").

limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). The magistrate judge concluded that the automatically generated November 2, 2021 response deadline created by the court's Case Management/Electronic Case Files system (CM/ECF) when Martin filed the memorandum of costs would have equitably tolled the deadline. Even assuming that section 685.070 is subject to equitable tolling, *see Gray1 CPB, LLC v. SCC Acquisitions, Inc.*, 182 Cal. Rptr. 3d 654, 666 (Ct. App. 2015) ("[A]ssum[ing] for purposes of argument[,] equitable tolling applies to motions as well as actions . . . ."), Cowan did not argue that his late filing should be equitably tolled. Rather, he argued that the CM/ECF generated deadline was a "court order." Cowan did not and has not argued or shown that the circumstances leading to his failure to file his objection within 10 days were "extraordinary." *See Holland v. Florida*, 560 U.S. 631, 652 (2010). The magistrate judge rejected Cowan's court order argument and instead raised the equitable tolling remedy sua sponte. However, the magistrate judge never explained why CM/ECF's automatically generated deadline created an extraordinary reason for failing to timely respond. Further, the magistrate judge only suggested that Cowan's objection was "likely" timely under equitable tolling. These conclusions do not satisfy the high burden necessary "to trigger equitable tolling." *See Miranda v. Castro*, 292 F.3d 1063,

1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  Thus, the magistrate judge erred in concluding that Cowan's objection would be timely filed under the equitable tolling doctrine.

Because neither Local Rule 54-2 nor equitable tolling support the magistrate judge's denial of Martin's memorandum of costs,[2] we reverse and remand.

**REVERSED and REMANDED.**

---

[2] Because this issue is dispositive, we need not address the other issues raised on appeal.